DAVID C. WALLACE, PLAINTIFF, v. NED J. PARSEKIAN,
ACTING DIRECTOR OF MOTOR VEHICLES OF THE
STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 8, 1961.

*Mr. Paul A. Lowengrub* for the plaintiff (*Messrs. Lowengrub and Tartar,* attorneys).

*Mr. Elliott Yampell* for the defendant (*Mr. Samuel P. Orlando,* attorney).

R. COOPER BROWN, J. C. C. (temporarily assigned). This is a suit brought by the plaintiff, David C. Wallace, against Ned J. Parsekian, Acting Director of Motor Vehicles of the State of New Jersey, under the Unsatisfied Claim and Judgment Fund Law, *N. J. S. A.* 39:6–61 *et seq.*

The facts which are stipulated are briefly that the plaintiff was struck by a hit-and-run driver in the City of Camden on June 13, 1960, and as a result was injured and required hospitalization and other medical treatment. As a result of conferences, the parties agreed that in the event that the Fund was liable to pay the damages, the same should be stipulated at $4,500. One of these conferences was held by the court and the court was satisfied that said sum was fair, equitable and just.

The only fact which could not be stipulated between the parties was the question as to whether or not the plaintiff, at the time of the accident, was covered by an applicable workmen's compensation law.

The defendant contends that if he was so covered, then he is precluded from an award by *N. J. S. A.* 39:6–78(b). This section provides, "* * * no judgment against the director shall be entered in such an action unless the court is satisfied, upon the hearing of the action, that
* * *

(b) The claimant is not a person covered with respect to such injury or death by any workmen's compensation law, or the personal representative of such a person."

The court thereupon proceeded to take the testimony of the plaintiff in order to make the determination required by the above section.

The plaintiff testified that he was employed by the International Division of R. C. A.; that he made a trip from his home in New York City to Camden, New Jersey, on the day in question, to attend to certain meetings on behalf of his employer to be held the day following, which was June 14, 1960. He testified that because it was convenient to catch a ride with three R. C. A. employees, who live in the Camden area, but work in New York, he came down with them and arrived in Camden at about 7:30 P. M. and immediately went to the Hotel Plaza, and later in the evening and before the accident looked over certain of the company's papers, made a personal call to his wife in Texas, and then about 8:30 to 8:45 P. M. went outside and had dinner. After dinner he decided to take a walk, merely for his own exercise and on no business for the company, and while on his way back to the Hotel at 4th and Penn Streets the accident occurred. He testified, further, that he was a salaried employee and received an expense account; that he was actually reimbursed for the hotel room and his meal, on the evening in question, and was paid roughly $10 or $12 compensation to cover the cost of returning from Camden to New York. He further testified that it was his decision to come to Camden on the day before the scheduled meeting, but this decision he had a right to make under the terms of his employment. The record is clear that the plaintiff sustained practically no direct out-of-pocket loss by virtue of this accident. His salary during his incapacity was paid by R. C. A. International. His hospital and medical expenses were paid by Zurich Insurance Company through said employer. It is conceded on behalf of plaintiff that Zurich is the workmen's

compensation carrier of the employer and, further, that said payments were made under its workmen's compensation policy. It is contended, however, by counsel for the plaintiff that such payment was a unilateral error on the part of management of R. C. A. and not binding on the plaintiff, and therefore would not preclude plaintiff's recovery from the Fund. Although the court suggested that further proof be offered to clarify this point and thus sustain this contention, none was forthcoming.

The plaintiff further contends that this case falls squarely within the "going to and coming from" rule, which is established in New Jersey, and as enunciated in the case of *Gullo v. American Lead Pencil Co.*, 19 *N. J. L.* 484 (*E. & A.* 1938) and followed in *O'Brien v. First Camden National Bank and Trust Co.*, 68 *N. J. Super.* 177 (*App. Div.* 1961). The defendant, on the other hand, contends that one who has had his salary paid by his employer and his hospital and medical expenses paid through a workmen's compensation policy is, "a person covered by any workmen's compensation law," and to hold otherwise would be to do injury to the very language as well as the spirit and purpose of the Unsatisfied Claim and Judgment Fund Act. To state, as the plaintiff does, that there is a difference between a person being covered by a workmen's compensation law, and a person who receives benefits stemming from the Workmen's Compensation Act, is to deal in the realm of semantics and would be tantamount to the creation of a difference without a distinction.

It should be noted at this point that the act in question does not confine itself to the New Jersey Workmen's Compensation Law, *N. J. S. A.* 34:15–1 *et seq.*, but speaks of *any* workmen's compensation law. The only proof before the court is that of the plaintiff himself, who has testified that he was paid by his New York employer and that his hospital and medical expenses were paid under its workmen's compensation insurance.

The title of the act may throw some light as to the intention of the Legislature. *L.* 1952, *c.* 174, is "An Act providing for the establishment, maintenance and administration of an unsatisfied claim and judgment fund for the payment of damages for injury to or death of *certain* persons and for damages to property arising out of the ownership, maintenance or use of motor vehicles in this State in *certain* cases." (Emphasis added) It should be noted that the act does not intend that *all* injured persons shall receive *all* of their damages. There are many requirements and limitations laid down by the act. The section in question would seem to indicate clearly that where a person is covered by *any* workmen's compensation law, he shall not recover from the Fund. It matters not that he did not receive, under that act, as much as he would have received under the New Jersey Workmen's Compensation Law, nor that he was not fully compensated for all of his injury, such as that part of his damages consisting of pain and suffering and other intangibles.

The Court finds as a matter of fact that the plaintiff was covered by a workmen's compensation law and is therefore not entitled to a judgment against the defendant. A verdict of "no cause for action" will therefore be entered in favor of the defendant and against the plaintiff.